IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                               *
HERBERT G. SOWE, pro se,
                               *
     Plaintiff,
                               *
          v.                        CIVIL NO.: WDQ-09-0621
                               *
STATE OF MARYLAND,
                               *
     Defendant.
                               *
```

*     *     *     *     *     *     *     *     *     *     *     *     *

MEMORANDUM OPINION

Herbert G. Sowe, *pro se*, sued Maryland ("the State") for due process violations and violations of the Freedom of Information Act and the Maryland Public Information Act.  Pending is the State's motion to dismiss.  For the following reasons, the motion will be granted.

I.   Background

On April 19, 2004, Sowe was charged with domestic violence in Michigan; he was acquitted on September 2, 2004.  Compl. at 1; State of Michigan Register of Actions.  On November 11, 2008, Sowe applied to become a Maryland State Trooper and disclosed his domestic violence charge on his application.  *Id.*  On November 19, 2008, his application was rejected.  *Id.*

On November 24, and December 24, 2008, Sowe requested the documents the State obtained during his background check.  *Id.* at 2.  Sowe never received them.  *Id.*

1

On November 26, 2008, Scott Keyser, director of human resources for the State Police, told Sowe that his application had been mistakenly rejected and his background check had "come out flawless." *Id.* On January 12, 2009, Keyser told Sowe that his application would not be processed. *Id.*

On February 20, 2009 Sowe filed a *pro se* complaint against the State, alleging due process violations and violations of the Freedom of Information Act, 5 U.S.C. § 552, and the Maryland Public Information Act, Md. Code Ann. State Gov. § 10-601, *et seq.* On May 26, 2009, the State moved to dismiss Sowe's complaint. Paper No. 11.  Sowe did not oppose the State's motion.

II.  Analysis

The State moves to dismiss Sowe's complaint because: (1) it is immune from suit under the Eleventh Amendment; (2) Sowe failed to state a due process claim); and (3) this Court lacks jurisdiction over Sowe's Freedom of Information Act and Maryland Public Information Act claims.  Paper No. 11.

1.  Sovereign Immunity

The Eleventh Amendment to the Constitution prohibits individual federal suits against a state unless the state has consented to suit or the suit is brought under a federal statute that abrogates sovereign immunity. *Lewis v. Board of Educ. of Talbot County*, 262 F.Supp.2d 608, 612 (D. Md. 2003) (*citing Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429

(1997); *Quern v. Jordan*, 440 U.S. 332, 341 (1979)); *Pennhurst State School & Hosp. v. Haldermann*, 465 U.S. 89, 98-99 (1984) (*citing Hans v. Louisiana*, 134 U.S. 1 (1890); *Ex parte State of New York* No. 1, 256 U.S. 490, 497 (1921)).

The Department of State Police is a Maryland State agency. MD. CODE. ANN., PUB. SAFETY § 2-201.  The State has not consented to suit for claims of due process or Maryland Public Information Act violations.  *Haddad v. Virginia Polytechnic Inst. and State University*, 153 F.3d 720 (4th Cir. 1998); MD. CODE ANN. STATE GOV. § 10-623.

2.   Sowe's Due Process Claim

Had the State consented to suit, Sowe's due process claim would still be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir., 2006).  In deciding a Rule 12(b)(6) motion, the court bears in mind that FRCP 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001).

The State seeks to dismiss Sowe's due process claim because he has not been deprived of a property interest.  Def. Mot. at 6.

Property interests are "created and defined by existing rules or understandings that stem from an independent source such as state law." *Nader v. Blair*, No. WDQ-06-2890, 2007 WL 606252, *9 (D. Md. Sept. 27, 2007) (*citing Board of Regents of State Colleges v. Roth*, 408 U.S. 565, 577 (1972)).

Maryland law does not affirmatively create a property interest in vacant state employment positions. *See Finnin v. Board of County Com'rs of Frederick County, Md.*, 498 F.Supp.2d 772, 782 (D. Md. 2007) (Maryland law establishes as a general rule that state and local government employees have no property interest in their employment) (internal citations omitted); MD. CODE. ANN., PUB. SAFETY, STATE PERS. & PENS.[1] Because Sowe had no property interest in potential employment with the Maryland Department of State Police, his claim of a due process violation must be dismissed. *Gardner v. Baltimore Mayor and City Council*, 969 F.2d 63, 68 (4th Cir. 1992) (if there is not a cognizable property interest, there is no need to reach the question of whether a purported deprivation was arbitrary or capricious).

3. The Freedom of Information Act and Maryland Public Information Act

Sowe's complaint alleges violations of the Freedom of

---

[1] Several circuits have held that there is no property interest in potential government employment. *Stewart v. Naples*, 308 Fed.Appx. 526 (2d Cir. 2009) (*citing Abramson v. Pataki*, 278 F.3d 93, 100 (2d Cir. 2002); *Dyche v. Bonne*, 277 Fed.Appx. 244 (3rd Cir. 2008); *Petru v. City of Berwin*, 872 F.2d 1359 (7th Cir. 1989).

Information Act and Maryland Public Information Act.  Compl. at 2.  The Freedom of Information Act requires federal agencies to make certain information available to the public.  5 U.S.C.A. § 552(a).  The Maryland State Police are not a federal agency.  The Maryland Public Information Act permits suit by persons who have been denied access to Maryland public records.  MD. CODE ANN. STATE GOV. § 10-623(a).  The statute requires suit to be filed in a state circuit court.  *Id.*  Accordingly, neither the Freedom of Information Act or the Maryland Public Information Act provides a basis for this suit.

III. Conclusion

        For the reasons stated above, the State's motion to dismiss will be granted.


August 24, 2009                        /s/
Date                          William D. Quarles, Jr.
                              United States District Judge